Conrad Herring
Attorney at Law
California State Bar No. 157057
3525 Del Mar Heights Rd, No. 305
San Diego, CA  92130
(858) 792-1539
conrad@conradherring.com

Attorney for all Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Doreen Viertell, Jennifer Padilla, Nelly C. Corcio, Lynne Norris, José A. Martinez, and James Hernandez<br><br>Plaintiff,<br><br>vs.<br><br>Hacienda La Puente Unified School District, Dr. Alfonso Jiménez, Jeffrey Del La Torre, Joseph K. Chang, Ph.D., Christine H. Salazar, Anthony Duarte, Stephanie Serrano, Jill Rojas, and Does 1-20,<br><br>Defendants. | **Case No. 2:22-cv-01439**<br><br>**COMPLAINT FOR DAMAGES; DECLARATORY and INJUNCTIVE RELIEF:**<br><br>**ACTION UNDER 42 U.S.C. § 1983**<br>**VIOLATION OF TITLE VII, EMPLOYMENT DISCRIMINATION BASED ON RELIGION;**<br>**VIOLATION OF THE ADA;**<br>**VIOLATION OF STATE LAW DUE PROCESS;** |

PLAINTIFFS Doreen Viertell, Jennifer Padilla, Nelly C. Corcio, Lynne Norris, José A. Martinez, and James Hernandez, by and through their attorney of record, CONRAD HERRING, file this Complaint and alleges as follows:

## I.
### JURISDICTION AND VENUE

1.  Federal jurisdiction is first predicated on Title 28 U.S.C. sections 1331 and 1343 *et seq*., under the authority of the Civil Rights Act of 1871, Title 42 U.S.C. section 1983, and the First and Fourteenth Amendments to the United States Constitution; Federal Jurisdiction is further predicated on Title VII of the Civil Rights Act of 1964.

2.   Jurisdiction over state-law claims is asserted as supplemental jurisdiction pursuant to Title 28 U.S.C. section 1367.

3.   The matter in controversy exceeds, exclusive of interest and costs, the sum specified under Title 28 U.S.C. section 1332.

4.   This Court has the authority to award the requested declaratory relief under 28 U.S.C. § 2201; the requested injunctive relief under 28 U.S.C. § 1343(a), Rule 65 of the Federal Rules of Civil Procedure, and its traditional equitable power to enjoin unconstitutional actions by state agencies and officials; and attorneys' fees and costs under 42 U.S.C. § 1988.

5.   The United States District Court for the Central District of California, Western Division, is the appropriate venue for this action pursuant to 28 U.S.C. § 1391(b)(1) and (2) because it is the District in which Defendants reside, exercise their authority in their official capacities, and/or have deprived or have threatened to deprive Plaintiffs of the rights and liberties under the laws and Constitution of the United States, and in addition thereto to violate the laws and Constitution of the State of California, as further alleged herein. It is also the District in which all or a substantial part of the events giving rise to Plaintiffs' claims have occurred and continue to occur.

6.   Each of the Causes of Action herein giving rise to Plaintiffs' Complaint occurred within the County of Los Angeles, California.

## II.
### JURY DEMAND

7.   Plaintiffs demand a trial by jury of all triable issues in this matter pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## III.
### NATURE OF THE CASE

8.   At all times relevant to this Action, Plaintiffs are or were employees of Hacienda La Puente Unified School District ("HLPUSD").

9.  Plaintiffs' first federal claims arise under 42 U.S.C. § 1983 out of civil rights violations, including equal protection, and religious discrimination by Defendants, thereby depriving Plaintiffs of civil rights under color of law guaranteed under the First, Fifth, and Fourteenth Amendments to the United States Constitution.

10.  Plaintiffs further allege under section 1983 that the Defendants violated Plaintiffs' civil rights by denying Religious exemptions/accommodations for the purpose of coercing Covid-19 vaccinations of all school district employees without regard to the Plaintiffs' sincerely held Religious beliefs and without any showing of undue hardship to the School District.

11.  Based on information and belief, Plaintiffs further allege under section 1983 a conspiracy by Defendants to hide a financial motive for attempting to mandate Covid-19 vaccinations for all school district employees; Defendants have been motivated by millions of dollars under the Federal Cares Act, signed by President Biden in 2021, which requires School Districts to mandate Covid-19 Vaccines in order to receive and continue to receive millions of dollars under the Cares Act.

12.  Plaintiffs further claim employment discrimination under Title VII based on religion and sincerely held religious beliefs; the alleged discrimination includes indefinite unpaid leave, termination, loss of benefits, and weekly testing for a select few unvaccinated employees who are still allowed to work.

## IV.
### THE PARTIES

13.  All Plaintiffs, at all relevant times alleged herein, are still or were employees of HLPUSD.

14.  Plaintiff, Doreen Viertell, was a paid employee of HLPUSD until October 15, 2021, when she was placed on indefinite unpaid leave following her refusal to be coerced into taking a vaccine against her sincerely held religious beliefs; her request for a religious accommodation was denied without any stated cause or reason, and her appeal therefrom was summarily denied, again without any stated cause or reason; prior to October 15, 2021, Plaintiff Viertell tested weekly for Covid-19 and wore a mask at

Complaint for Damages – Declaratory and Injunctive Relief

work; Defendant School District did not assert any undue hardship or offer an explanation as to why the accommodations provided to Plaintiff Viertell prior to October 15, 2021, were now being denied.

15.  Plaintiff, Jennifer Padilla, was a paid employee of HLPUSD until October 15, 2021, when she was placed on indefinite unpaid leave following her refusal to be coerced into taking a vaccine against her sincerely held religious beliefs;  her request for a religious accommodation was denied without any stated cause or reason, and her appeal therefrom was summarily denied, again without any stated cause or reason;  prior to October 15, 2021, Plaintiff Padilla tested weekly for Covid-19 and wore a mask at work; Defendant School District did not assert any undue hardship or offer an explanation as to why the accommodations provided to Plaintiff Padilla prior to October 15, 2021, were now being denied.

16.  Plaintiff, Nelly C. Corcio, was a paid employee of HLPUSD until October 15, 2021, when she was placed on indefinite unpaid leave following her refusal to be coerced into taking a vaccine against her sincerely held religious beliefs;  her request for a religious accommodation was denied without any stated cause or reason, and her appeal therefrom was summarily denied, again without any stated cause or reason;  prior to October 15, 2021, Plaintiff Corcio tested weekly for Covid-19 and wore a mask at work; Defendant School District did not assert any undue hardship or offer an explanation as to why the accommodations provided to Plaintiff Corcio prior to October 15, 2021, were now being denied.

17.  Plaintiff, Lynne Norris, was a paid employee of HLPUSD until October 15, 2021, when she was placed on indefinite unpaid leave following her refusal to be coerced into taking a vaccine against her sincerely held religious beliefs;  her request for a religious accommodation was denied without any stated cause or reason, and her appeal therefrom was summarily denied, again without any stated cause or reason;  prior to October 15, 2021, Plaintiff Norris tested weekly for Covid-19 and wore a mask at work; Defendant School District did not assert any undue hardship or offer an

Complaint for Damages – Declaratory and Injunctive Relief

explanation as to why the accommodations provided to Plaintiff Norris prior to October 15, 2021, were now being denied.

18.  Plaintiff, José A. Martinez, was a paid employee of HLPUSD until October 15, 2021, when he was placed on indefinite unpaid leave following his refusal to be coerced into taking a vaccine against his sincerely held religious beliefs;  his request for a religious accommodation was denied without any stated cause or reason, and his appeal therefrom was summarily denied, again without any stated cause or reason;  prior to October 15, 2021, Plaintiff Martinez tested weekly for Covid-19 and wore a mask at work;  Defendant School District did not assert any undue hardship or offer an explanation as to why the accommodations provided to Plaintiff Martinez prior to October 15, 2021, were no longer being denied.

19.  Plaintiff, James Hernandez, is currently a paid employee of HLPUSD; on October 15, 2021, he was placed on indefinite unpaid leave following his refusal to be coerced into taking a vaccine against his sincerely held religious beliefs;  his request for a religious accommodation was initially denied without any stated cause or reason; his appeal therefrom was summarily granted on October 21, 2021, and he was allowed to return to work the next day; however, on November 2, 2021, Plaintiff Hernandez was told in writing that his religious accommodation could no longer be provided and he was again sent home; Defendant School District changed course again on November 15, 2021, and advised Plaintiff Hernandez to return to work; he continues to test weekly in order to remain employed, while no vaccinated employees are required to test at all.

20.  Defendant, Hacienda La Puente Unified School District ("HLPUSD") is a public school district organized, operated, and partially funded, within the County of Los Angeles, California; HLPUSD is a local government agency (or political subdivision) under the California Constitution, Article XIIIB, Section 8, and under Cal. Gov. Code sections 54951 and 82014; Defendant HLPUSD is sued as a necessary party to the Injunctive and Declaratory relief sought, if not also for damages.

21.  Defendant HLPUSD is governed by a five member Board of Education as provided for in the cities of Industry and La Puente, and the unincorporated Los Angeles County areas of Hacienda Heights and Valinda.

22.  Both the cities of Industry and La Puente are located within the county of Los Angeles, California.

23.  Defendant, Dr. Alfonso Jiménez, is the Superintendent of HLPUSD and is being sued in his official and individual capacity.  Mr. Jiménez is ultimately charged with, among other duties, enforcing all employment policies of HLPUSD.

24.  Defendant, Jill Rojas, is the Assistant Superintendent in charge of Human Resources for HLPUSD, and is being sued in her official and individual capacity.  Ms. Rojas is charged with, among other duties, the development and enforcement of all employment policies of HLPUSD, including the Covid-19 vaccine Mandate, weekly Covid-19 Testing, and mask Mandates.

25.  Defendants, Jeffrey Del La Torre, Joseph K. Chang, Ph.D., Christine H. Salazar, Anthony Duarte, and Stephanie Serrano, are governing board members of HLPUSD.  They are named as Defendants herein in their official and individual capacities.

26.  All Individual Defendants have personally undertaken actions under color of law that deprive or imminently threaten to deprive all Plaintiffs of certain rights, privileges, and immunities under the laws and Constitution of the United States, and under the laws and Constitution of the State of California, including by, among other things, passing Board Resolutions and/or implementing and enforcing the same, relating to Covid-19 vaccine Mandates, weekly Covid-19 testing, and mask mandates; all Defendants have untaken further such actions in some official capacity to cause the discipline and effective termination of HLPUSD Employees who have refused the Covid-19 vaccine mandates based on sincerely held religious beliefs.

27.  This Action by Plaintiffs seeks prospective relief, including damages, against all Individual Defendants in their official capacities.

28.  This Action by Plaintiffs further seeks prospective relief, including damages, against all Defendants in their individual capacity to the extent that Defendants are not shielded

Complaint for Damages – Declaratory and Injunctive Relief

by qualified immunity; that is, that they acted knowingly to violate the Constitutional rights and Religious Freedoms of Plaintiffs.

29.  Defendants, through their acts and omission complained of herein, are liable to Plaintiffs for damages in an amount to be proven at trial, including but not limited to damages for lost income, loss of employment opportunities, and deprivation of Constitutional and other civil rights.

30.  Plaintiffs are informed and believe, and on such information and belief allege that at all times herein mentioned, Defendants DOES 1-20, inclusive, were the agents, employees, and servants of their Co-Defendants, and in doing the acts hereinafter mentioned were acting within the scope and course of their authority as such agents, servants, and employees, with the permission and consent of their Co-Defendants.

## V.
### PRELIMINARY ALLEGATIONS

31.  On or about August 22, 2021, the HLPUSD Board of Trustees passed a Resolution requiring Covid-19 Vaccinations of all school district employees. [1] (See Exhibit 1, attached hereto and made part of Plaintiffs' Complaint herein.)

32.   The Resolution set a deadline of October 15, 2021, for unvaccinated employees to show proof of full vaccination or of at least the first vaccine injection.

33.  Pursuant to the Resolution, employees who refused the vaccine mandate on Religious or other valid grounds were placed on indefinite unpaid leave after October 15, 2021.

34.  A select few unvaccinated employees who were deemed necessary and essential to the School District were allowed to remain employed under the façade of granting religious exemptions.

---

[1] Unless otherwise noted, "employees" refer to certificated teachers and classified employees, but does not include school administrators.

35.   Most of the employees who refused the vaccine mandate were denied a Religious Exemption or Accommodation; Defendants failed to provide any reason(s) for denying a Religious exemption request; Defendants failed to assert, demonstrate, or otherwise show that the School District faced or would face an undue hardship if it granted the requested Religious Exemptions or Accommodations.

36.   In fact, prior to the October 15, 2021 deadline, HLPUSD had already provided accommodations to all unvaccinated employees during the prior school year and during the first two (2) months of the current school year from August 4, 2021 through October 15, 2021.

37.   By summarily placing unvaccinated employees on indefinite unpaid leave, Defendant have unilaterally imposed discipline without cause, without due process, and without a formal hearing as mandated by state law; Defendants have and continue to act outside the law by taking and maintaining disciplinary actions against Plaintiffs without affording them any due process.

38.   There is no evidence that an unvaccinated employee of the district contracted and/or transmitted Covid-19 to any other teacher, classified employee, administrator, or student within the School District Community during the time that the District was providing accommodations to all of its unvaccinated teachers and employees up to October 15, 2021.

39.   The August 22, 2021 Board Resolution fails to articulate how or why the prior accommodations were or became inadequate such that a vaccine mandate was therefore deemed necessary; for example, HLPUSD was and remains unable to show that any unvaccinated employee contracted or spread Covid-19 prior to or after October 15, 2021.

40.   The August 22, 2021, Board Resolution sets forth eighteen (18) "WHEREAS" justifications for its vaccine mandate; many of these justifications have been proven factually incorrect or were known to be incorrect and factually inaccurate at the time the Resolution was passed by the Board:

(i)   *The Resolution relies in part on an incorrect or false statement that the vaccines have proven "effective at curbing the spread of Covid-19 . . .";* in fact, the Center for Disease Control ("CDC") acknowledges that the vaccines do not provide immunity from Covid-19 or its variants, particularly the Delta and Omicron variants; hundreds of vaccinated HLPUSD employees have been infected with Covid-19 since the Board passed its vaccine mandate; the vaccine mandate has no relationship to or effect on curbing the spread of Covid-19 within the HLPUSD community.

(ii) *The Resolution relies in part on an incorrect or false statement asserting that "unvaccinated employees are at greater risk of contracting and spreading Covid-19 within the workplace and to the District's students and community"*; this is simply not true, it never has been true, and the District cannot hope to prove or establish such an asserted fact in a court of law; as noted above, hundreds of vaccinated employees have been infected with Covid-19 since the mandate.

(iii) *The Resolution relies in part on an incorrect or false statement asserting that "the data show that unvaccinated younger adults between the ages of 18-49 are 25 times likely to be hospitalized than vaccinated adults of the same age, . . ."*; there is no reliable data to support the asserted fact and no such data can or will be shown or established in this lawsuit; moreover, the Resolution herein contradicts itself by acknowledging that vaccinated adults can still become infected with Covid-19, <u>and become hospitalized</u> despite having taken the so called vaccine.

(iv) *The Resolution relies in part on an incorrect or false statement asserting that "a portion of the District's students, those who are 12 years of age and under, are not eligible for the Covid-19 [vaccine] at this time, and thus face an elevated risk of contracting Covid-19"*; this portion of the Resolution again misstates the facts and incorrectly asserts that the vaccines provide immunity from Covid-19; this portion of the resolution further falsely asserts that unvaccinated employees pose a greater risk to the student population for the transmission of Covid-19 than do vaccinated employees;

(v) *The Resolution relies in part on an incorrect or false statement asserting that "vaccination is essential to the health and safety of the District community . . ."*; the

Complaint for Damages – Declaratory and Injunctive Relief

facts are otherwise: over 99.8% of all those who are infected and ill with Covid-19 survive; those who survive obtain robust and durable natural immunity that the so called vaccines cannot provide; the Covid-19 vaccines have proven ineffective against infection from both the Delta and Omicron variants of Covid-19; the CDC Director has admitted that Covid-19 vaccines do not prevent infection or transmission of Covid-19; the CDC further acknowledges that the vaccinated and unvaccinated are equally likely to spread the virus; the vaccines only reduce symptoms of those who are infected with Covid-19 but do not block infection or transmission of the virus and thus are not vaccines as the term has always been defined in the law; the CDC recently (September 1, 2021) rewrote the definitions of vaccine and vaccination to eliminate the word "immunity".

(vi) *The Resolution relies in part on an incorrect or false statement asserting that "recent federal court rulings in other jurisdictions . . . confirm that employers may, consistent with law, require employees to be vaccinated against Covide-19 . . ."*; the resolution selectively omits court ruling striking down vaccine mandates; since the Resolution was passed, more and more federal and state courts, including the United States Supreme Court, are striking down vaccine mandates on various legal grounds throughout the country;

41.   The CDC tacitly concedes changing its own definition of "vaccine" and "vaccination" to exclude immunity and preventing transmission; the CDC publically states that the vaccines are effective in reducing the severity of the disease but not infection, re-infection, or transmission.

42.   The FDA now classifies the Covid-19 so called vaccines as "CBER-Regulated Biologics" otherwise known as "therapeutics" which fall under the "Coronavirus Treatment Acceleration Program."

43.   The effectiveness of the Covid-19 vaccines to lesson symptoms of the virus is known to wane rapidly, thus requiring periodic "booster" shots in order for the vaccines to remain effective in their limited capacity as a therapeutic.

44.   Defendants in this case have not mandated booster shots for any school district employees, thus undermining the stated yet severely flawed basis for the vaccine mandate.

45.   Defendants also do not require campus visitors to show proof of vaccination before entering schools, classrooms, or offices; thus even if the so called vaccines provided immunity and prevented transmission of Covid-19, the vaccination mandate is completely undermined by the failure to prevent unvaccinated visitors from entering school facilities and campuses.

46.   The school district's vaccine mandate is unrelated to any legitimate compelling government interest; the mandate likewise is not rationally related to any legitimate public health policy.

47.   Plaintiffs allege that the hidden basis behind the vaccine mandate is financial; on information and belief, Plaintiffs further allege that the vaccine mandate is also politically based.

48.   Schools and school districts throughout the country have been financially incentivized to impose and enforce Covid-19 mandates in order to be eligible for hundreds of billions of dollars made available through a federal spending bill known as "The Cares Act" which President Biden signed into law in March 2021.

49.   The public health policy justifications for Covid-19 Mandates, including vaccines, masks, and testing of healthy persons, are severally flawed and best, and specious at worst; there is no medical, clinical, or scientific data that can be shown in a court of law to support any mandates.

50.   Very recently (February 17, 2022), California Governor Newsom announced the ending of mask mandates for students in this state; this announcement came with the governor's statement that "[w]e are moving past the crisis phase into a phase where we will work to live with this virus."

51.   Governor Newsom's decision to end mask mandates for students provides tacit recognition that mandate policies are not effective and have not been based on actual science or data to support them.

Complaint for Damages – Declaratory and Injunctive Relief

52.   HLPUSD has announced that as of March 12, 2022, masks will become voluntary for all school district students, staff, and visitors; the district has thus come to realize the futility and ineffectiveness of Covid-19 mandates and restrictions.

53.   Defendants in this case have infringed on Plaintiffs' constitutional rights and religious freedoms without cause, legal basis, or justification.

54.   Defendants denied religious exemptions/accommodations to Plaintiffs without stating any reasons, justifications or assertion of undue hardship; Defendants promised written letters to Plaintiffs explaining the denials, but Defendants never provided said letters to Plaintiffs.

55.   Likewise, Defendants summarily denied Plaintiffs' appeals of their religious exemption denials without stating any reasons, justifications, or assertion of undue hardship.

56.   To date, Defendants have ignored all demands and requests from Plaintiffs to reach a resolution of the disputes and controversies stated in Plaintiffs' Complaint for damages, and declaratory and injunctive relief; Defendants have ignored multiple letters from attorneys and others seeking a resolution of the dispute.

57.   Defendants must be enjoined from further enforcement of vaccine mandates, and Plaintiffs must be allowed to return to work and receive wages and salaries dating back to October 15, 2021, when Defendants arbitrarily and without due process, legal cause, or justification, placed Plaintiffs on indefinite unpaid leave from their jobs.

58.   Plaintiffs have filed verified complaints with Equal Employment Opportunity Commission ("EEOC"); some Plaintiffs have now received right to sue letters from the EEOC, other Plaintiffs are awaiting the letter.

59.   Plaintiffs have complied with applicable claims statutes by filing damage claims against the school district on forms provided by the district; not all Plaintiffs have yet received denial letters from the district.

Complaint for Damages – Declaratory and Injunctive Relief

# VI.

## FIRST CAUSE OF ACTION

<u>42 U.S.C. § 1983, VIOLATION OF CIVIL RIGHTS UNDER COLOR OF LAW.</u>

(ALL DEFENDANTS)

60.   Plaintiffs re-allege and incorporate by reference each and every allegation contained in all foregoing paragraphs inclusive, as though fully set forth herein.

61.   At all times relevant and material to this Complaint, all Defendants were acting under color of state law and in their official capacities.

62.   At all times relevant and material to this Complaint, (a) all Defendants further acted with the intention of causing Plaintiffs to be denied fundamental rights guaranteed under the United States Constitution, including the First, Fifth, and Fourteenth Amendments; Defendants denied Plaintiffs substantive and procedural due process, denied them equal protection, and discriminated against them based on their sincerely held religious beliefs.

63.   Defendants' vaccine mandate violates the liberties protected by the Fourteenth Amendment to the Constitution, which includes rights of personal autonomy, self-determination, bodily integrity and the right to reject medical treatment.

64.   As alleged above, the Covid-19 vaccines are not vaccines, but are treatments or therapeutics; the vaccines are referred to herein as vaccines but they are not, as the CDC acknowledges with its changed definition of vaccine to eliminate the word "immunity."

65.   The right and ability to decide whether to accept or refuse medical treatment, as opposed to a true vaccine, is a fundamental right recognized by the United States Supreme Court.

66.   Because Covid-19 vaccines are treatments, and not vaccines, strict scrutiny applies.  The United States Supreme Court has recognized a "general liberty interest in refusing medical treatment." *Cruzan v. Dir., Mo. Dept. of Health*, 497 U.S. 261, 278, 110 S. Ct. 2841, 2851, 111 L.Ed.2d 224, 242 (1990); it is further recognized that the

forcible injection of medication into a nonconsenting person's body represents a substantial interference with that person's liberty. *Washington v. Harper*, 494 U.S. 210, 229, 110 S. Ct. 1028, 1041, 108 L.Ed.2d 178, 203 (1990) (outside of the prison context, the right to refuse treatment would be a "fundamental right" subject to strict scrutiny, *id* at 223.).

67.    While Defendants have not attempted to forcibly inject Plaintiffs with vaccines or medications, Defendants have coerced employees and attempted to coerce Plaintiffs into taking the treatments by threatening and taking away their livelihood and ability to earn a living without due process, without factual, scientific or medical cause, and without any legal basis whatsoever.

68.    Even under a rational relationship test, Defendants' actions violate Plaintiffs' fundamental rights; the undisputed facts will show that unvaccinated persons do not pose any more risk of Covide-19 infection or transmission than do vaccinated persons; indeed, hundreds of vaccinated employees of HLPUSD have become infected with Covid-19 since Defendants imposed the vaccine mandate; these vaccinated employees can and do transmit the Covid-19 virus to others regardless of whether anyone is vaccinated or not.

69.    By imposing and maintaining their vaccine mandate, Defendants have ignored the data, the facts, the science, and the law.

70.    Defendants' blanket mandate ignores individual factors increasing or decreasing the risks that Plaintiffs and all HLPUSD employees pose to others.

71.    Defendants entirely disregard whether employees have already obtained natural immunity despite the fact that natural immunity actually provides real immunity whereas Covid-19 vaccines do not.

72.    Treating all employees the same, regardless of their individual medical status, risk factors, and natural immunity status is not narrowly tailored.

73.    Defendants' vaccine mandate has no real, substantial, or rational relation to the public or community health of the school district and is beyond all question, a plain,

palpable invasion of fundamental rights of Plaintiffs; the mandate is unconstitutional regardless of which standard of review is applied.

74. As a direct and proximate result of the conduct of the Defendants, Plaintiffs suffered harm and damages in an amount to be proven at trial.

75. Pursuant to 42 U.S.C. section 1983 and other applicable law, Plaintiffs are entitled to temporary, preliminary, and permanent injunctive relief restraining Defendant from enforcing their vaccine mandate.

76. Pursuant to 28 U.S.C. sections 2201-02 and other applicable law, Plaintiffs are entitled to a declaration that Defendants' vaccine mandate is unlawful and entitled to any further relief which may be appropriate.

# VII.
## SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983, VIOLATION OF EQUAL PROTECTION.

(ALL DEFENDANTS)

77. Plaintiffs re-allege and incorporate by reference each and every allegation contained in all foregoing paragraphs inclusive, as though fully set forth herein.

78. The Equal Protection Clause of the First Amendment prohibits classifications that affect some groups of citizens differently than others. *Engquist v. Or. Dept. of Agric*. (2008) 553 U.S. 591, 601. The analysis centers on whether a state entity creates disparity between classes of individuals whose situations are arguably indistinguishable. *Ross v. Moffit* (1974) 417 U.S. 600, 609.

79. The vaccine mandate in this case creates two classes of HLPUSD employees, vaccinated and unvaccinated.

80. The unvaccinated class, with a few arbitrary exceptions, are terminated without due process; the vaccinated class are allowed to keep their jobs in their chosen profession, advance their careers, provide for the families, pay their rent and mortgages, make car payments, and otherwise provide for their economic livelihood.

81. However, these two classes of employees are indistinguishable because vaccinated employees are as likely to become infected with Covid-19 as unvaccinated employees; vaccinated employees can and do transmit the virus to fellow employees and students; the vaccines make no difference in these respects; the only function of the so called Covid-19 vaccine is to make symptoms less severe, and even that benefit is not by any means guaranteed.

82. Discriminating against the unvaccinated controverts the goals of the Equal Protection Clause – i.e., to abolish barriers presenting unreasonable obstacles to employment and advancement on the basis of individual merit.

83. Defendants further violate Equal protection by forcing unvaccinated employees still employed to test weekly while not subjecting vaccinated employees to the same burden.

84. Weekly testing of only unvaccinated employees serves no legitimate purpose because both classes of employees are equally susceptible to contracting and transmitting Covid-19.

85. Defendants' true purpose of mandating weekly testing of only unvaccinated employees is to force or coerce them into taking the so called Covid-19 vaccine in violation of their religious beliefs.

86. Pursuant to 42 U.S.C. section 1983, Plaintiffs are entitled to temporary, preliminary, and permanent injunctive relief restraining Defendants from enforcing the vaccine mandate as a violation of Equal Protection.

87. Pursuant to 42 U.S.C section 1983, Plaintiffs are entitled to damages for lost wages, lost economic opportunity, costs and attorneys' fees in an amount to be proven at trial.


/ / /


/ / /

**VIII.**
**THIRD CAUSE OF ACTION**
TITLE VII, 42 U.S.C. SECTION 2000e, *et seq.*

RELIGIOUS DISCRIMINATION – FAILURE TO ACCOMMODATE – ON BEHALF OF PLAINTIFFS

DOREEN VIERTELL, JENNIFER PADILLA, NELLY C. CORCIO,

LYNNE NORRIS,  AND JOSÉ A. MARTINEZ

(ALL DEFENDANTS)

88.  Plaintiffs re-allege and incorporate by reference each and every allegation contained in all foregoing paragraphs inclusive, as though fully set forth herein.

89.   Plaintiffs Viertell, Padilla, Corcio, Norris, and Martinez hold sincere religious beliefs that preclude them from receiving a Covid-19 vaccine.

90.   Plaintiffs informed Defendants of those beliefs and requested religious accommodations from the vaccine mandate.

91.   Defendants refused and failed to engage in the interactive process with Plaintiffs regarding their religious accommodation requests.

92.  Defendants summarily denied Plaintiffs' accommodation requests without providing a reason or basis for the denial.

93.   Defendants failed to provide any effective process or mechanism for Plaintiffs to appeal the denial of their religious accommodation requests; Plaintiffs could not pursue an effective appeal because Defendants failed and refused to provide Plaintiffs with any explanation or reason for denying their accommodation requests.

94.  Defendants failed to state, articulate, or describe any undue hardship on the school district by granting Plaintiffs' religious accommodation requests.

95.   Defendants granted religious accommodations to a few select employees who were deemed essential to the school district; these accommodations were not granted based the employees' sincerely held religious beliefs but instead based on the needs of the school district; Defendants' decision to grant or deny a religious accommodation is thus arbitrary and capricious.

96.  Irrespective of an interactive process, Defendants failed to provide Plaintiffs with reasonable accommodations for their religious beliefs, as indefinite unpaid leave is not a reasonable accommodation; instead, indefinite unpaid leave is an adverse employment action and sanction.

97.  Prior to October 15, 2021, Defendants provided reasonable accommodations to all employees who exercised their religious beliefs and refused the Covid-19 vaccine.

98.  Defendants have failed and are unable to articulate any lawful basis for determining that the accommodations provided to employees prior to October 15, 2021, somehow became ineffective or created an undue hardship to the school district after October 15, 2021.

99.  Defendants cannot show that any unvaccinated employees prior to October 15, 2021 contracted Covid-19 or transmitted the virus to any other school district employee or student.

100.  In fact, after Defendants banned Plaintiffs and similarly situated employees from all school campuses following the arbitrary October 15, 2021 deadline, hundreds of vaccinated school district employees have since contracted Covid-19.

101.  Defendants, by their actions up to and following October 15, 2021, have discriminated against Plaintiffs because of Plaintiffs' religious beliefs in violation of Title VII.

102.  Defendants have failed to reconsider their discriminating vaccine mandate policy in light of the obvious and now unconvertable facts that the so called vaccines do not immunize persons from Covid-19 and therefore do not and cannot provide the health and safety protections sought by the unconstitutional vaccine mandate.

103.  Defendants' failure to modify their vaccine mandate in light of the mandate's complete failure to protect the health and safety of the school district community constitutes a knowing and intentional religious discrimination against Plaintiffs and similarly situated employees in violation of Title VII.

104.  Plaintiffs have filed charges with the EEOC complaining of Defendants' discriminatory actions; although some of Plaintiffs' EEOC charges remain pending, this

Court may exercise its equity jurisdiction to grant preliminary injunctive relief to preserve the status quo pending completion of the EEOC's administrative process as to all Plaintiffs.

105.  Pursuant to 42 U.S.C. sections 1983 and 2000e *et seq*., and other applicable law, Plaintiffs are entitled to temporary, preliminary, and permanent injunctive relief restraining Defendant from enforcing their vaccine mandate.

106.  As a result of Defendants' religious discrimination against Plaintiffs, Plaintiffs have suffered actual damages in the form of lost wages and benefits, in an amount to be proven at trial.

107.  As a result of Defendants' religious discrimination against Plaintiffs, Plaintiffs have suffered further economic and non-economic harm in an amount to be proven at trial; Plaintiffs are entitled to damages, costs, and attorneys' fees.

## IX.
## FOURTH CAUSE OF ACTION
### TITLE VII, 42 U.S.C. SECTION 2000e, *et seq*.

### RELIGIOUS DISCRIMINATION – RETALIATION – ON BEHALF OF PLAINTIFFS DOREEN VIERTELL, JENNIFER PADILLA, NELLY C. CORCIO, LYNNE NORRIS,  AND JOSÉ A. MARTINEZ

(ALL DEFENDANTS)

108.  Plaintiffs re-allege and incorporate by reference each and every allegation contained in all foregoing paragraphs inclusive, as though fully set forth herein.

109.  Plaintiffs Viertell, Padilla, Corcio, Norris, and Martinez engaged in protected activity when they requested religious accommodations from Defendants' vaccine mandate.

110.  Defendants responded almost immediately to Plaintiffs' requests by announcing that they would formally or effectively terminate Plaintiffs' employment.

111.  Defendants' response to Plaintiffs' protected activity with draconian threats of indefinite suspension, unpaid leave, lost benefits, and termination was and is an

adverse employment action intended to force or coerce school district employees to forgo their sincerely held religious beliefs and receive the so called Covid-19 vaccine.

112.  Defendants improperly questioned Plaintiffs' religious beliefs and instead pursued a political line of questioning.

113.  When Defendants' improper questioning and summary denial of Plaintiffs' request for reasonable accommodations failed, Defendants chose to retaliate by giving Plaintiffs and other similarly situated employees the false choice between vaccination and effective termination.

114.  Plaintiffs' religious beliefs and protected activity were the bases for Defendants' adverse employment actions.

115.  Defendants have recently announced new coercive actions against Plaintiffs and similarly situated employees by setting a March 31, 2022 deadline for stopping the payment of health care benefits to employees who continue to refuse the so called Covid-19 vaccine on religious grounds.

116.   By retaliating against Plaintiffs for engaging in protected activity, Defendants have violated Title VII; this violation has harmed and continues to harm Plaintiffs.

117.  Plaintiffs have filed charges with the EEOC complaining of Defendants' discriminatory and retaliatory actions; although some of Plaintiffs' EEOC charges remain pending, this Court may exercise its equity jurisdiction to grant preliminary injunctive relief to preserve the status quo pending completion of the EEOC's administrative process as to all Plaintiffs.

118.  Pursuant to 42 U.S.C. sections 1983 and 2000e *et seq*., and other applicable law, Plaintiffs are entitled to temporary, preliminary, and permanent injunctive relief restraining Defendant from enforcing their vaccine mandate.

/ / /

**X.**
**FIFTH CAUSE OF ACTION**

V<small>IOLATION OF THE</small> ADA, 42 U.S.C. <small>SECTION</small> 12101, *et seq*. <small>DISABILITY</small>

<small>DISCRIMINATION, DISPARATE TREATMENT, AND FAILURE TO ACCOMMODATE</small>

(A<small>LL</small> D<small>EFENDANTS</small>)

119.   Plaintiffs re-allege and incorporate by reference each and every allegation contained in all foregoing paragraphs inclusive, as though fully set forth herein.

120.   Defendants' enforcement of their vaccine mandate through effective termination of non-compliant Plaintiffs, without engaging in an interactive process with each employee to identify and implement appropriate reasonable accommodations to enable the employee to perform their job duties directly violates, and conflicts with Defendants' duties and obligations under the Americans with Disabilities Act ("ADA"). 42 U.S.C. sections 12101, *et seq*.

121.   Defendants have placed Plaintiffs on indefinite unpaid leave and threatened formal termination because of Defendants' belief that Plaintiffs' physical condition of being unvaccinated make them incapable of performing the duties they have performed competently for nearly two years since the Covid-19 Pandemic first appeared.

122.   Defendants' enforcement of their vaccine mandate, in violation of Plaintiffs' religious beliefs, is based on Defendants' false perception that unvaccinated employees present a greater danger of infection to others; as a consequence of Defendants' misperception regarding the so called vaccine, it is apparently Defendants' view that Plaintiffs are not capable of performing their work by reason of their physical condition and thus are regarded as being disabled.

123.   Defendants' actions placing Plaintiffs on unpaid leave and threatening formal termination by reason of a physical condition constitutes discrimination on the basis of a perception of disability in violation of the ADA, 42 U.S.C. section 12101(3) (forbidding discrimination on the basis of a person being regarded as having an impairment); and section 12112 (forbidding any impairment in the terms of employment of an individual on the basis of a perception of impairment.).

124. Further, Plaintiffs are qualified individuals under the ADA because they remain able, with or without reasonable accommodation, to perform the essential functions of the employment position that Plaintiffs hold, as demonstrated by the fact that Plaintiffs have performed their essential job functions competently for nearly two years since the Covid-19 pandemic first appeared, and continued to perform without cessation until Defendants arbitrarily placed them on unpaid leave.

125. Further, assuming for the sake of argument, Plaintiffs became unable to perform their essential job functions by virtue Defendants' perception that, as of the arbitrary and capricious deadlines specified in the Mandate, unvaccinated employees then presented a danger to others from the contagion, there exists an abundance of reasonable accommodations designed to mitigate the risk of contagion that HLPUSD in fact implemented, and relied on, such as remote work, social distancing, erection of transparent barriers, face masking, alternate shifts to alleviate crowding in the work place, advanced cleaning protocols, and efforts to improve ventilation, among other things.

126. In fact, the Cares Act provided hundreds of billions of dollars to schools for the purpose of providing reasonable accommodations designed to mitigate the risks from Covid-19; Defendants took their share of Cares Act money, and elected to terminate its unvaccinated employees rather than attempt to accommodate them in any way shape or form following Defendants' arbitrary deadline of October 15, 2021.

127. An actual controversy exits involving justiciable questions related to this controversy and related to the rights and obligations of the respective parties with respect to the ADA.

128. Plaintiffs are entitled to equitable relief under the ADA for discrimination based on perceived disability.

129. Plaintiffs are entitled to damages under the ADA in an amount to be proven at trial.

# XI.
## SIXTH CAUSE OF ACTION
### VIOLATION OF DUE PROCESS –

### SKELLY V. STATE PERSONNEL BOARD (1975) 15 CAL.3D 194

#### (ALL DEFENDANTS)

130.   Plaintiffs re-allege and incorporate by reference each and every allegation contained in all foregoing paragraphs inclusive, as though fully set forth herein.

131.   Defendants have indefinitely suspended and placed Plaintiffs on unpaid leave for failure to comply with Defendants' unconstitutional vaccine mandate; all Plaintiffs except James Hernandez have not been paid since October 15, 2021 and not allowed to return to work.

132.   Defendants have utterly and completely failed to follow state law as it applies to Plaintiff employees.

133.   Under *Skelly v. State Personnel Board*, its progeny, and state statutory law, Plaintiffs hold and maintain a property interest in continued employment with HLPUSD, which is protected by due process.

134.   Defendants contend that they do not have to afford Plaintiffs any *Skelly* rights or hearings; Defendants have instead summarily and administratively suspended without pay most unvaccinated HLPUSD employees, including all Plaintiffs for five days or more.

135.   In violation of Plaintiffs' *Skelly* rights, Defendants (i) failed to provide Plaintiffs with a hearing within a reasonable period of time; (ii) failed to identify the disciplinary charge; (iii) failed to explain the proposed discipline; (iii) failed to articulate the policy or rule violated; (iv) failed to provide the factual basis for the proposed discipline; (v) failed to produce documents or supporting evidence to support the proposed discipline; (vi) failed to provide a deadline for Plaintiffs to respond or conduct their own investigation and discovery, including depositions; and (vii) failed to provide a date and time for an in-person hearing.

136.   An actual controversy exists involving justiciable questions related to this controversy and related to the rights and obligations of the respective parties under *Skelly*.

137.   Plaintiffs seek and are entitled to a judicial declaration that Defendants proceeding with the imposition of threatened and actual employment sanctions is a violation of *Skelly*, and Plaintiffs further seek an order restraining and enjoining Defendants from proceeding and continuing with the imposition of employment sanctions before affording due process under *Skelly*.

## XII.
## SEVENTH CAUSE OF ACTION
### FOR DECLARATORY RELIEF

### (ALL DEFENDANTS)

138.   Plaintiffs re-allege and incorporate by reference each and every allegation contained in all foregoing paragraphs inclusive, as though fully set forth herein.

139.   As alleged hereinabove, the currently available COVID "vaccines" are not, in fact, vaccines as that term has been defined for decades by the federal government and the English language. The currently available "vaccines" are, as alleged hereinabove, "treatments", as that term is currently defined and has been defined for decades.

140.   Accordingly, Plaintiffs have a constitutionally protected right to decline unwanted medical treatment, and Defendants' threat to  demote and terminate Plaintiffs from their employment with Defendants because of Plaintiffs' declination of current COVID treatments is contrary to law and to the constitutionally protected right to decline treatment employing the currently available COVID "vaccines". (*Cruzan v.Director, Missouri Department of Health* (1990) 497 U.S. 261 ("*Cruzan*")).

141.   Defendants' threat to demote and terminate the Plaintiffs' employment for refusing a medical treatment is in violation of law and the Constitution.

142. The controversy herein may be property resolved with a declaration from this Court stating that the so called vaccines do not constitute public health policy as

that term is understood in legal context of true vaccines; rather, this Court should declare that, based on uncontroverted fact, the Covid-19 vaccines are personal treatment choices under *Cruzan*.

143. An actual controversy exists involving justiciable questions related to this controversy and the rights and obligations of the respective parties with respect to whether or not the Plaintiffs' right to refuse treatment prohibits Defendants from demoting or terminating the employment of Plaintiffs as a consequence of Plaintiffs' refusal to submit to unwanted medical treatment.

144. Plaintiffs therefore seek a judicial declaration that proceeding with the imposition of the threatened and actual employment sanctions against Plaintiffs' constitutionally protected right to refuse treatment is prohibited under *Cruzan*; Plaintiffs further seek an order restraining and enjoining Defendants from violating Plaintiffs' rights under the United States Constitution, the authority of *Cruzan*, and California state law, and prohibiting Defendants from imposing any employment sanctions against Plaintiffs as a result of the Plaintiffs' refusal to submit to unwanted medical treatment.

## XIII.
## PRAYER

WHEREFORE, Plaintiffs request relief as hereinafter provided:

1. For general damages in a sum to be proven at trial;

2. For special damages in a sum to be proven at trial;

3. For punitive damages in a sum to be proven at trial;

4. For prejudgment interest;

5. For costs and attorneys fees incurred herein;

6. For temporary, preliminary, and permanent injunctive relief restraining Defendants from enforcing the vaccine mandate;

7.   For a judicial declaration that Defendants' vaccine mandate is facially unconstitutional and violates Plaintiffs' civil rights, right to equal protection, right to religious freedom, and right to employment under state law;

8.   **Plaintiffs again demand a right to a jury trial for all matters so triable;** and

9.  For such other and further relief as the Court may deem just and proper.


DATED:  March 3, 2022                         Respectfully submitted,


                                              */S/ Conrad Herring*
                                              CONRAD HERRING,
                                              Attorney for Plaintiffs

Complaint for Damages – Declaratory and Injunctive Relief

# EXHIBIT 1

# HACIENDA LA PUENTE UNIFIED SCHOOL DISTRICT

15959 EAST GALE AVENUE • P.O. BOX 60002 • CITY OF INDUSTRY, CA 91716-0002 • (626) 933-3800

DR. ALFONSO JIMÉNEZ, Superintendent

MEMBERS OF THE BOARD
JEFFREY DE LA TORRE, President
JOSEPH K. CHANG, Ph.D., Vice President
CHRISTINE H. SALAZAR, Clerk
ANTHONY DUARTE, Member
STEPHANIE SERRANO, Member

### RESOLUTION NO. 2021/22-08
### RESOLUTION OF THE BOARD OF TRUSTEES REQUIRING COVID-19 VACCINATION OF ALL HACIENDA LA PUENTE UNIFIED SCHOOL DISTRICT EMPLOYEES

**WHEREAS**, the Hacienda La Puente Unified School District ("District") adopts this resolution in order to protect and advance the health, safety, and well-being of its employees, students and the surrounding community; and

**WHEREAS**, COVID-19 has had devastating impacts worldwide, including over 655,000 deaths in the United States,[1] and continues to be a public health threat; and

**WHEREAS,** effective August, 23, 2021, the Pfizer COVID-19 vaccines have received the U.S. Food and Drug Administration ("FDA") approval and approximately 175 million people have been fully vaccinated in the United States; and

**WHEREAS**, COVID-19 vaccines available for use in the United States have proved safe and highly effective at curbing the spread of COVID-19 and preventing hospitalizations and deaths; and

**WHEREAS,** according to the federal Centers for Disease Control and Prevention ("CDC"), the California Department of Public Health, and the Los Angeles County Public Health Officer, COVID-19 continues to pose a serious health risk, especially to individuals who are not fully vaccinated, and certain safety measures remain necessary to protect against COVID-19 cases and deaths; and

**WHEREAS**, unvaccinated individuals in Los Angeles County account for 99.6% of COVID-19 cases, 98.7% of COVID-19 hospitalizations and 99.8% of deaths from December 7, 2020, to June 7, 2021[2]; and

**WHEREAS**, the more infectious COVID-19 Delta variant has caused a substantial rise in COVID- 19 cases in Los Angeles County;[3] and

**WHEREAS**, unvaccinated employees are at greater risk of contracting and spreading COVID-19 within the workplace and to the District's students and community; and

**WHEREAS**, the data show that unvaccinated younger adults between the ages of 18 to 49 are 25 times more likely to be hospitalized than vaccinated adults of the same age, with a rate of 20 hospitalizations per 100,000 people. Meanwhile, unvaccinated older adults 50 and over are nearly 12 times more likely to be hospitalized than vaccinated adults 50 and over, with a rate of 59 hospitalizations for every 100,000 people[4]; and

---

[1] COVID-19 Tracker, https://usafacts.org/visualizations/coronavirus-covid-19-spread-map/, accessed September 14, 2021
[2] County of Los Angeles Public Health,
http://publichealth.lacounty.gov/phcommon/public/media/mediapubHPdetail.cfm?cur=cur&prid=3201&row=25&st art=26
[3] County of Los Angeles Public Health, Press Release *Delta Variant and Unmasked Intermingling Cause COVID-19 Cases to Increase Four-Fold Since 4th of July*,
http://publichealth.lacounty.gov/phcommon/public/media/mediapubdetail.cfm?unit=media&ou=ph&prog=media&p rid=3245
[4] County of Los Angeles Public Health, http://publichealth.lacounty.gov/phcommon/public/media

*Vision Statement:*

The Hacienda La Puente Unified School District is a community committed to developing lifelong learners who value themselves and the diversity of all people; apply decision-making skills leading to responsible actions; and use creativity, critical thinking, and problem solving in meeting the challenges of a changing society.

**WHEREAS**, a portion of the District's students, those who are 12 years of age and under, are not eligible for the COVID-19 at this time, and thus face an elevated risk of contracting COVID-19; and

**WHEREAS**, on August 11, 2021, the California Department of Public Health ("CDPH") issued an Order (the "Order") mandating that all public and private schools verify and track the vaccination status of all employees, implement regular testing of all unvaccinated individuals at least once weekly, to follow those same procedures for employees who decline to state their vaccination status, and to have this Order implemented no later than October 15, 2021; and

**WHEREAS**, vaccination is essential to the health and safety of the District community, and the District desires to implement a COVID-19 vaccine requirement for all employees; and

**WHEREAS**, the District recognizes that a limited number of individuals may be eligible for an exemption or accommodation from the District's COVID-19 vaccination requirement for reasons including medical condition, disability, or religion, and the District intends to provide for such exemptions or accommodations to the extent required by law; and

**WHEREAS**, a person receives substantial protection from COVID-19 approximately two weeks after receiving 1 dose of the Moderna or Pfizer vaccine[5]; and

**WHEREAS**, a person is considered "fully" vaccinated when two weeks have passed since they completed a COVID-19 vaccine series (for example, 1 dose of the Janssen/Johnson & Johnson vaccine, or 2 doses within no more than 12 weeks of the Moderna or Pfizer vaccine) [6]; and

**WHEREAS**, COVID-19 vaccinations are freely available to District employees; and

**WHEREAS**, recent federal court rulings in other jurisdictions, while not binding in California, confirm that employers may, consistent with law, require employees to be vaccinated against COVID-19 for the protection of employee and student health and safety. (*Klaassen et al., v. The Trustees of Indiana University,* (N.D. Ind., July 18, 2021, No. 1:21-CV-238 DRL) 2021 WL 3073926; *Bridges v. Houston Methodist Hospital* (S.D. Tex., June 12, 2021, No. CV H-21-1774) 2021 WL 2399994); and

**WHEREAS**, the Board desires that employees and students be able to return to schools to the greatest extent reasonably possible, and engage with each other in the pursuit and dissemination of knowledge without undue fear of COVID-19 infection and the risks associated therewith.

**NOW, THEREFORE,** the Board of Trustees of the Hacienda La Puente Unified School District hereby resolves:

1.      The Superintendent, or designee, shall deploy procedures to track the COVID-19 vaccination status and test results of employees in a secure system designed to protect the privacy of employees in accordance with applicable laws.

2.      That the Board of Trustees hereby adopts the following requirements for all District **employees**:

   A.      All employees must report their COVID-19 vaccination status to the District's Human Resources, consistent with the Order from the CDPH. An employee who fails to do so shall be deemed by the District to be unvaccinated, as required by the CDPH Order.  Further, any employee's failure to report their status as required shall be deemed a failure to follow a lawful directive.

---

[5] Centers for Disease Control and Prevention (CDC), https://www.cdc.gov/media/releases/2021/p0329-COVID-19-Vaccines.html

[6] California Department of Public Health (CDPH), COVID-19 Public Health Recommendations for Fully Vaccinated People, https://www.cdph.ca.gov/Programs/CID/DCDC/Pages/COVID-19/COVID-19-Public-Health- Recommendations-for-Fully-Vaccinated-People.aspx

B. By October 16, 2021, employees will be allowed on District campuses or facilities only if they are either fully vaccinated (i.e. one dose of the Johnson & Johnson vaccine; or two doses of the Moderna or Pfizer vaccine) or have had at least on dose of Johnson & Johnson, Pfizer, or Moderna and have submitted documented proof of such COVID-19 vaccination status to the Human Resources Office by October 15, 2021.

C. Unvaccinated employees assigned to work on campus will be excluded from campus unless a District-authorized exemption or other accommodation has been obtained by an employee.

D. The Superintendent, or designee, shall notify employees, and the employee unions, of this COVID-19 vaccination employee requirement, and shall engage in effects bargaining to the extent required by law.

3. That the Board of Trustees hereby authorizes the following provisions relating to exemptions:

A. With respect to vaccination requirements, employees may request an exemption or accommodation on the basis that a disability, medical condition, or mental health condition prevents vaccination, or based on religious grounds. The Superintendent, or designee, shall establish a process for consideration of such requests on an individualized basis, including, but not necessarily limited to, identification of the District contact person(s) responsible for responding to requests, and definition of the specific criteria by which such requests shall be evaluated, which shall comply with law including but not necessarily limited to the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, Title VII of the Civil Rights Act of 1964, and the California Fair Employment and Housing Act.

B. Any employee receiving an exemption or accommodation from the above requirements shall be required to undergo COVID-19 testing at least once per week, with evidence of negative test results being required prior to having access to District campuses, facilities, personnel, or students.

4. That vendors, consultants, contractors, and city personnel are barred from accessing school sites during school hours or school activities until the vendor/consultant/contractor/city/county personnel outside personnel) adopts a vaccination mandate and/or testing policy as consistent with the directives issued for school employees issued by the California Department of Public Health, and/or that the administration work in coordination with the district's lead nurse to discuss appropriate protocols to isolate staff and students away from outside personnel when services are required.

5. That this decision is effective immediately and that the Superintendent, or his designee(s), may take such actions as are necessary and appropriate to implement the Board's decision, including notifying employees of the requirements of this Resolution, and authorizing any exceptions to the above requirements.

**PASSED, APPROVED, AND ADOPTED** this 23rd day of September, 2021, at a meeting of the Hacienda La Puente Unified School District Board of Trustees, Los Angeles County, California.

Ayes:

Noes:

Abstain:

Absent:

_____
Christine H. Salazar
Clerk, Board of Trustees